UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CLARENCE YOUNG,

    Plaintiff,                        CASE NO. 02-CV-10087-BC

v.                                   DISTRICT JUDGE DAVID M. LAWSON
                                          MAGISTRATE JUDGE CHARLES BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S RENEWED APPLICATION FOR ATTORNEY FEES**
(Dkt. 17)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Attorney Gregory W. Peterson's Renewed Application for Attorney Fees be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an Order of Reference from United States District Judge David M. Lawson, is the above-entitled motion.[1] Defendant Commissioner has filed a response opposing the motion. (Dkt. 18.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

---

[1] Counsel's original application for attorney fees was denied without prejudice for violation of E.D. Mich. LR 7.1(a)(2). The instant motion, which evidences compliance with that Local Rule, was filed on January 20, 2005.

Attorney Gregory W. Peterson, located in Des Moines, Iowa, has represented Plaintiff throughout the pendency of this case. Mr. Peterson engaged the services of Lewis Seward, an attorney in Bay City, Michigan, as local counsel. On January 3, 2003, I issued a Report and Recommendation, recommending that the findings of the Commissioner be affirmed. (Dkt. 11.) Plaintiff filed objections to this recommendation (Dkt. 12), and on December 22, 2004, Judge Lawson issued an Opinion and Order rejecting the Report and Recommendation, and remanding the case for further administrative proceedings. (Dkt. 14.)

Counsel for Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $5,176.50 for his time spent on this case and costs of $150.00. Specifically, counsel states that he has incurred 35.7 hours of attorney time at the rate of $145.00 per hour. The Commissioner opposes this request.

**B.  Law and Analysis**

In order to recover fees and expenses under the EAJA, (1) the plaintiff must be a "prevailing party," (2) the position of the United States must not have been "substantially justified," (3) no special circumstances must make an award of fees unjust, and (4) plaintiff must submit a timely fee application. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). At the threshold, I conclude that Plaintiff is a "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993) (holding that a party who obtains a remand for further administrative proceedings is a prevailing party eligible for a judgment awarding costs and attorney fees and expenses under the EAJA).

I must next address whether Plaintiff's request for attorney fees was timely made. Section 2412 of the EAJA provides that a "party seeking an award of fees and other expenses shall, within 30 days of final judgment in the action, submit to the court an application for fees and other

expenses. . . ." 28 U.S.C. § 2412(d)(1)(B). In this circuit, the time for filing begins to run only when the underlying judgment has become final; i.e., 60 days after judgment was entered, providing that no notice of appeal or other motion under Rules 59 or 60 of the Federal Rules of Civil Procedure has been filed in the meantime. *Gidcumb v. Sec'y of Health & Human Servs.*, 650 F. Supp. 96 (W.D. Ky. 1986); *Najor v. Sec'y of Health & Human Servs.*, 675 F. Supp. 379 (E.D. Mich. 1987) (Cook, J.). As the filing date of Plaintiff's motion falls within these deadlines, I suggest it is timely.

Under the EAJA, a litigant may not recover attorney fees from the United States if the government's position was substantially justified. The statute reads in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The government bears the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999). The government's "position" comprehends both its underlying action and its litigation position. 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(D). *See also Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). The government's failure to win its suit raises no presumption that its position was not substantially justified. *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991). Nor does its decision to withdraw its claims. *Grobbel*, 176 F.3d at 878.

In *Pierce v. Underwood,* 487 U.S. 552, 563, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988), the Supreme Court took pains to define "substantial justification." The Court rejected the demanding interpretation "justified to a high degree," and approved formulations such as "[existence of] a

3

genuine dispute," "if reasonable people could differ as to [the appropriateness of the contested action]," "justified to a degree that could satisfy a reasonable person," and "reasonable basis both in law and fact." *Id.* at 565. The Court specifically rejected as nonauthoritative legislative history a suggestion that "the test must be more than mere reasonableness." *Id.* at 566 (quoting H.R. Rep. No. 99-120, at 9 (1985), reprinted in 1985 U.S.C.C.A.N. 132, 138).

Under these standards, the failure of the government to entirely prevail in this case does not in and of itself constitute a lack of substantial justification for its position. *See United States v. Yoffe*, 775 F.2d 447 (1st Cir. 1985). Nor does the finding by a district court that the position of the Commissioner in denying benefits was not supported by substantial evidence automatically require the court to conclude that the Commissioner's position was not "substantially justified" for the purposes of attorney fee awards under the EAJA. *See Hull v. Bowen*, 748 F. Supp. 514 (N.D. Ohio 1990).

In determining a prevailing claimant's entitlement to EAJA fees, the clarity of existing law is an important factor in determining whether the position of the Commissioner was substantially justified. *Spruil v. Bowen*, 691 F. Supp. 302 (M.D. Fla. 1988). On the other hand, where the evidence is equivocal or highly disputed, the Commissioner's position is more likely to be substantially justified within the meaning of the EAJA. *Gowen v. Bowen*, 855 F.2d 613 (8th Cir. 1988); *Andrews v. Bowen*, 848 F.2d 98 (7th Cir. 1988). The failure of the Commissioner to follow the requirements of applicable regulations renders the Commissioner's position not substantially justified and entitles Plaintiff's counsel to an EAJA attorney fee award. *Hudson v. Sec'y of Health & Human Servs.*, 839 F.2d 1453 (11th Cir. 1988). Similarly, the failure of the Commissioner to follow clearly established circuit court precedent renders the Commissioner's position not substantially justified. *Fraction v. Bowen*, 859 F.2d 574 (8th Cir. 1988).

In his Opinion and Order, Judge Lawson stated, "Viewing the record as a whole results in the conclusion that the ALJ did not resolve inconsistencies in the evidence or properly evaluate . . . the plaintiff's residual functional capacity." (Op. & Order, Dkt. 14 at 13.) Judge Lawson discerned two sets of inconsistencies; first, that between the Plaintiff's performance on a vocational evaluation and the limitations expressed by the ALJ in his residual functional capacity finding and, second, that between the Dictionary of Occupational Titles (hereafter "DOT") and the vocational expert's testimony. With regard to the first, I suggest that the argument in the Commissioner's response to this motion has merit and that the record evidence in this respect is equivocal. The Commissioner is, I suggest, correct that the vocational evaluation (Tr. at 316-22) indicated that Plaintiff had the ability to follow instructions given verbally or by demonstration and that he had the ability to follow at least simple instructions and maintain attention and focus. (Tr. at 317-18.) These findings are consistent at least in some respects with the residual functional capacity finding made by the ALJ in his decision. (Tr. at 25.) In his decision, the ALJ concluded that Plaintiff had the ability to follow instructions which could be learned by demonstration and that Plaintiff could not undertake tasks which required prolonged concentration for the use of more than basic judgment. (*Id.*) I further suggest that the Commissioner correctly points to evidence indicating that the record is not uncontested on the issue of whether Plaintiff was capable of performing "at a competitive pace." The Commissioner correctly notes that the findings of the vocational evaluation as cited by Judge Lawson are inconsistent with the findings of the licensed psychologist who personally evaluated Plaintiff and administered a series of tests to him (Tr. at 261-64), and are also inconsistent with at least one of the physicians who reviewed Plaintiff's medical records for the Commissioner. (Tr. at 270-74.)

5

With regard to the DOT, Judge Lawson concluded that the ALJ failed to fully comply with Social Security Ruling (SSR) 00-4p. (Op. & Order, Dkt. 14 at 12-13.) However, the Commissioner correctly notes that this SSR had not become effective and was not binding at the time of the ALJ's decision, as this ruling became effective 16 months after the ALJ issued his Decision. (*See* SSR 00-4p & Tr. at 28.) I therefore suggest that there is merit to the Commissioner's argument that the ALJ was not required to comply with the ruling at that time.

Once it has been determined that the Commissioner's administrative decisions are not supported by substantial evidence, a district court faces a choice. It may either remand the case to the Commissioner for further proceedings or direct the Commissioner to award benefits. In this circuit, the latter option requires that the "proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking[,]" *Mowery v. Heckler* 771 F.2d 966, 973 (6th Cir. 1985); or that "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits[.]" *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). In this case, Judge Lawson elected the first option. He did not direct the award of benefits, but rather remanded for further administrative proceedings, stating:

> In this case, the Court finds that the record requires further development; additional factual questions require resolution at the administrative level. A remand for further fact finding is required so that the Commissioner can properly apply SSR 00-4p, take appropriate account of the evidence concerning the plaintiff's reported test-verified deficiency in pace, and pose a hypothetical question to a vocational expert that incorporates all of the plaintiff's functional limitations.

(Op. & Order, Dkt. 14 at 14.)

These findings, I suggest, further indicate the equivocal nature of the evidence presented on this record. For these reasons, I therefore conclude that the Commissioner's opposition to Plaintiff's underlying disability claim was reasonably based in fact and law, and therefore,

6

substantially justified within the meaning of the EAJA. As a result, I suggest that the instant application be denied. This does not preclude counsel from seeking attorney fees under 42 U.S.C. § 406(b)(1).

In the alternative, the Commissioner argues that in the event the Court determines that the award of EAJA fees is appropriate, the amount requested is excessive. The Commissioner first characterizes as excessive .8 hours of time charged by counsel for Plaintiff for the drafting of a motion to extend time. I suggest that this characterization is correct. *See Burr v. Bowen*, 782 F. Supp. 1285, 1290 (N.D. Ill. 1992); *Bowman v. Sec'y of Health & Human Servs.*, 744 F. Supp. 898, 890 (E.D. Ark. 1989).

The Commissioner then cites as excessive 6.7 hours of time expended on what are alleged to be purely clerical matters undertaken by individuals whose initials do not match either those of Plaintiff's counsel or local counsel. Supporting this request, the Commissioner cites a series of cases from outside this circuit. (Resp., Dkt. 18 at 8-9.) Although the Commissioner's position appears to have a reasoned and logical basis, I can find no case law support for the Commissioner's position in either this district or this circuit. By contrast, a number of courts have ruled that work done by attorney-supervised paralegals, and even law students, falls under the EAJA. *Jordan v. U.S. Dept. of Justice*, 691 F.2d 514, 523 (D.C. Cir. 1982) (approving award of attorney fees under the Freedom of Information Act for attorney-supervised clinical-law-student work); *Lindner v. Sullivan*, 799 F. Supp. 888, 893 (N.D. Ill. 1992) (awarding EAJA attorney fees based on work of attorney-supervised law student); *Williams v. Bowen*, 684 F. Supp. 1305, 1307-08 (E.D. Pa. 1988) (including law-student intern's research and preparation work in EAJA attorney fees). In addition, the time spent preparing and litigating an EAJA fee petition is also compensable under the EAJA

itself. *See, e.g., Jean v. Nelson*, 863 F.2d 759, 778-80 (11th Cir. 1988), *aff'd sub. nom. Comm'r, I.N.S. v. Jean*, *supra*.

I therefore suggest that should the Court grant the instant motion, the total time charged is reasonable with the exception of that involving the motion to extend time.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                           s/ *Charles E. Binder*
                                           CHARLES E. BINDER
Dated: February 11, 2005               United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Notice was electronically filed this date, electronically served on Janet L. Parker, Assistant U.S. Attorney and Lewis M. Seward, and served in the traditional manner on Gregory W. Peterson.


Dated: February 11, 2005                      By    s/Jean L. Broucek
                                                                Case Manager to Magistrate Judge Binder