UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CLARENCE YOUNG,

        Plaintiff,                              Case Number 02-10087-BC
                                                                Honorable Thomas L. Ludington

v.

JOANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____/

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PLAINTIFF'S OBJECTIONS**

        Plaintiff, Clarence Young, prevailed against Defendant, the Commissioner of Social Security, in his claims for social security benefits under Titles II and XVI of the Social Security Act. Plaintiff then applied for attorney fees under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504; 28 U.S.C. § 2412. On February 2, 2005, this Court referred the instant application to Magistrate Judge Charles E. Binder to issue a report and recommendation on Plaintiff's application for attorney fees. On February 11, 2005, the magistrate judge issued a report recommending that this Court deny Plaintiff's application for attorney fees. Plaintiff field timely objections to the report and recommendation, to which Defendant has not responded.

        Plaintiff objected to the magistrate judge's characterization of the record as "equivocal" and to the magistrate judge's refusal to rely on a social security ruling that issued after the administrative law judge's (ALJ) decision. The Court now concludes that Plaintiff's objections lack merit. The Court, therefore, will overrule Plaintiff's objections and adopt the magistrate judge's recommendation to deny attorney fees.

I.

The facts pertinent to this application are set forth in the magistrate judge's report. Neither party takes issue with that portion of the report. The Court finds that the magistrate judge's recitation faithfully tracks the record as presented by the parties, and therefore the Court adopts it here.

II.

To recover fees under the EAJA, (1) the plaintiff must be a prevailing party; (2) the plaintiff must timely file an application for fees; (3) the defendant's position must not be substantially justified; and (4) no special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A) & (B); *see also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Neither party contests that Plaintiff prevailed in the underlying civil action or that he timely sought fees.

"Substantially justified," as required under the EAJA, means that a position has a reasonable basis in fact and in law. *Pierce*, 487 U.S. at 563-565; *see also Lion Uniform, Inc., Janesville Apparel Div. v. Nat'l Labor Relations Bd.*, 905 F.2d 120, 124-125 (6th Cir. 1989). Importantly, the government bears the burden of showing a substantial justification for its position. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999) (citation omitted). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . ." 28 U.S.C. § 2412(d)(1)(B). Yet that a court disagreed with the government's position does not, of itself, establish whether or not that position was substantially justified. *Pierce*, 487 U.S. at 569; *see also United States v. $515,060.42 in United States Currency*, 152 F.3d 491, 507 (6th Cir. 1998) (stating that the government's failure to prevail on the underlying case did "not necessarily lead to an award of attorney's fees under the EAJA").

A.

Plaintiff first objects to the magistrate judge's conclusion that Defendant's position was substantially justified. Plaintiff disagrees with the magistrate judge's statement that the record evidence is "equivocal" and opposes supporting that conclusion by relying on the fact that this Court remanded for further development of the record. Plaintiff reviews this Court's critique of the ALJ in its order of December 22, 2004 in an effort to establish the existence of an "uncontradicted record." Plaintiff further emphasized the Court's earlier determination that an award of benefits was warranted, which required a showing of substantial evidence.

The standard of "substantially justified" for an award of attorney fees under the EAJA differs from the standard of "substantial evidence" for an award of social security benefits under 42 U.S.C. § 405(g). *See Howard v. Comm'r of Social Security*, 276 F.3d 235, 242-243 (6th Cir. 2002); *compare Pierce*, 487 U.S. at 563-565. Plaintiff's review of the Court's decision in which he prevailed by a showing of *substantial evidence* does not establish that Defendant advanced a position that was not *substantially justified*. Further, the unequivocal nature of this Court's decision on December 22, 2004 does not, as Plaintiff suggests, refute the magistrate judge's conclusion that the record in this case is equivocal. Although this Court has ruled that the ALJ overlooked parts of the record, that fact does not remove ambiguity in the record over the degree and effect of Plaintiff's disability. The record supports the magistrate judge's conclusion that Defendant's opposition to Plaintiff's disability claim was reasonably based in law and fact and, so, was substantially justified. The Court will therefore overrule Plaintiff's first objection.

B.

Plaintiff next objects to the magistrate judge's refusal to review the ALJ's decision in light of Social Security Ruling 00-4p (SSR 00-4p). That ruling required that an ALJ must offer a reason for accepting vocational expert testimony that conflicts with the Dictionary of Occupational Titles. Although that ruling became effective on December 4, 2000, about 16 months after the ALJ's decision in the underlying case here, Plaintiff contends that the principles contained in SSR 00-4p should apply. A prior acquiescence ruling stated the same requirement, so SSR 00-4p represents a clarification and codification of prior administrative procedure and precedent. Plaintiff further suggests that consistency with the Dictionary of Occupational Titles will prevent maverick vocational expert testimony and, so, avoid confusion.

Despite the importance of promoting consistency in vocational expert testimony per the requirements SSR 00-4p, that ruling did not issue until December 4, 2000. As such, it was not binding on the ALJ's decision of July 20, 1999. Thus, Defendant's argument that the ALJ was not required to comply with SSR 00-4p was reasonably based in law and, so, was substantially justified. The Court will therefore overrule Plaintiff's second objection.

### III.

After considering Plaintiff's objections to the magistrate judge's recommendation, the Court is satisfied that Defendant's position was substantially justified, so Plaintiff is not entitled to attorney fees under the EAJA.

Accordingly, it is **ORDERED** that the magistrate judge's recommendation is **ADOPTED** [dkt #20], that Defendant's objections are **OVERRULED** [dkt #21], and that Plaintiff's application for attorney fees is **DENIED** [dkt #17].

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 2, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 2, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---